UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-80011-CR-Rosenberg/Hopkins

18 U.S.C. § 1349
18 U.S.C. § 1341
18 U.S.C. § 2

UNITED STATES OF AMERICA,

vs.

KESNER JOASEUS,
MIGUEL TILUS, and
WADNO DORNEAU,

Defendants.
_____/

FILED BY ___KZ___
          Deputy Clerk

Jan 21, 2016

STEVEN M. LARIMORE
CLERK U.S. DISTRICT CT.
S.D. OF FLA. West Palm Beach

### INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At various times relevant to this Indictment:

1. **KESNER JOASEUS** operated a business referred to as RHA Two, LLC, that conducted business in Palm Beach County, in the Southern District of Florida, and elsewhere.

2. **MIGUEL TILUS** and **WADNO DORNEAU** were associates of **JOASEUS** who assisted in the conduct of the business of RHA Two, LLC, in Palm Beach County, in the Southern District of Florida, and elsewhere.

3. RHA 2 LLC is a legitimate private Real Estate Investment Trust ("REIT") investing in single-family residential rental real estate. It is a Delaware limited liability

1

company, registered with the Florida Secretary of State as a foreign entity authorized to transact business in Florida. Property rentals for RHA 2 LLC are managed by an affiliated property management company, HavenBrook Homes, LLC, a Delaware limited liability company registered to transact business in Florida (hereafter referred to as "HavenBrook"). HavenBrook has a significant online presence as a real property rental company, with a strong presence in Palm Beach County.

## COUNT 1
## Conspiracy to Commit Mail Fraud
## (18 U.S.C. § 1349)

4. Paragraphs 1 through 3 of the General Allegations section of this Indictment are realleged and incorporated by reference as though fully set forth herein.

5. From at least as early as in or around November 2014 through January 8, 2016, in Palm Beach and Broward Counties, in the Southern District of Florida, and elsewhere, the defendants,

**KESNER JOASEUS,
MIGUEL TILUS, and
WADNO DORNEAU,**

did willfully, that is, with the intent to further the object of the conspiracy, and knowingly combine, conspire, confederate and agree with each other and others, known and unknown to the Grand Jury, to knowingly, and with intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that they were false and fraudulent when made, and, for the purpose of executing, and attempting to execute, such scheme and artifice, did knowingly place and cause to be placed in a post office and authorized depository for mail matter, any matter to be sent

and delivered by the United States Postal Service, in violation of Title 18, United States Code, Section 1341.

## PURPOSE OF THE CONSPIRACY

6.      It was the purpose of the conspiracy for the defendants to unlawfully enrich themselves by collecting rents and security deposits from individuals for rental homes not owned or controlled by the defendants.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendants and their co-conspirators sought to accomplish the purpose of the conspiracy included, among others, the following:

7.      Defendant **JOASEUS** incorporated "RHA Two, LLC," in the State of Florida, listing the business address as 217 Bayberry Drive, West Palm Beach, FL. This business was established in order to create confusion with the legitimate company RHA 2, LLC, d/b/a HavenBrook.

8.      **JOASEUS** and his coconspirators identified houses that were owned by HavenBrook where renovations were complete but the houses were not yet leased. Without the knowledge or consent of HavenBrook, **JOASEUS**, **DORNEAU**, and/or **TILUS** put up signs advertising the HavenBrook houses for rent and listing one of several prepaid cell phone numbers that they used for this purpose.

9.      **JOASEUS**, or **DORNEAU** or **TILUS** acting at **JOASEUS**'s direction, would then cut the lockboxes off the homes and pay locksmiths to change the locks. When prospective tenants viewed the house and wanted to lease it, one of the defendants, usually **DORNEAU** or **TILUS**, would meet the tenants at the house, present them with a

fake property lease in the name of RHA 2, LLC, and collect first and last month's rent plus a security deposit, typically in cash or money orders.

10. The tenants, believing they had a valid lease with the owner of the house, would then move into the home and would begin making rent payments to the defendants.

11. The defendants often continued to collect lease payments in cash or money orders from tenants for many months. Those payments were either collected in person by **DORNEAU** or **TILUS**, mailed to the 217 Bayberry Dr., West Palm Beach address, or mailed to a Post Office Box set up by **DORNEAU** on or about February 23, 2015 for that purpose. **JOASEUS** created fake notices using the HavenBrook Homes logo to instruct the tenants where to send their payments.

12. **JOASEUS, DORNEAU** and **TILUS** would then deposit the money orders into a bank account set up in the name "RHA Two, LLC," for that purpose, or into one of several other bank accounts. The defendants then made cash withdrawals and cashed checks made payable to **DORNEAU** and **TILUS** from this account.

13. During the course of the conspiracy, the defendants collected and attempted to collect from over eighty tenants or prospective tenants hundreds of thousands of dollars.

All in violation of Title 18, United States Code, Section 1349.

### COUNTS 2-15
### Mail Fraud
### (18 U.S.C. §§ 1341 and 2)

14. Paragraphs 1 through 3 of the General Allegations section of this Indictment are realleged and incorporated by reference as though fully set forth herein.

4

15. From at least as early as in or around November 2014 through January 8, 2016, in Palm Beach and Broward Counties, in the Southern District of Florida, and elsewhere, the defendants,

**KESNER JOASEUS,
MIGUEL TILUS, and
WADNO DORNEAU,**

did knowingly, and with intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that they were false and fraudulent when made, and, for the purpose of executing, and attempting to execute, such scheme and artifice, did knowingly place and cause to be placed in a post office and authorized depository for mail matter, any matter to be sent and delivered by the United States Postal Service.

### PURPOSE OF THE SCHEME AND ARTIFICE

16. It was the purpose of the scheme for the defendants to unlawfully enrich themselves by collecting rents and security deposits from individuals for rental homes not owned or controlled by the defendants.

### MANNER AND MEANS OF THE SCHEME AND ARTIFICE

Paragraphs 7 through 13 of the Manner and Means section of Count 1 of this Indictment are realleged and incorporated by reference as though fully set forth herein as a description of the scheme and artifice.

### USE OF MAILS

On or about the dates specified as to each count below, at Palm Beach and Broward Counties, in the Southern District of Florida, the defendants, **KESNER**

5

**JOASEUS, MIGUEL TILUS,** and **WADNO DORNEAU,** for the purpose of executing and attempting to execute such scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, did knowingly place and cause to be placed in a post office and authorized depository for mail matter, matter to be sent and delivered by the United States Postal Service as identified below in each count:

| COUNT | DATE OF MAILING | DEFENDANT | DESCRIPTION OF MAILING |
|---|---|---|---|
| 2 | 01/21/2015 | KESNER JOASEUS, WADNO DORNEAU | Letter mailed to B.H. and S.Y. containing a notice to mail rent checks to 217 Bayberry Drive, West Palm Beach, FL. |
| 3 | 03/17/2015 | KESNER JOASEUS, WADNO DORNEAU | Letter mailed to B.H. and S.Y. containing a notice to mail rent checks to P.O. Box 15588, West Palm Beach, FL. |
| 4 | 03/17/2015 | KESNER JOASEUS, WADNO DORNEAU | Letter mailed to S.J. containing a notice to change address for mailing rent checks to P.O. Box 15588, West Palm Beach, FL. |
| 5 | 03/17/2015 | KESNER JOASEUS, WADNO DORNEAU | Letter mailed to R.R. containing a "past due rent" notice from "RHA 2 LLC," P.O. Box 15588, West Palm Beach, FL. |
| 6 | 04/07/2015 | KESNER JOASEUS, MIGUEL TILUS | Letter mailed by R.C. containing a rent payment to P.O. Box 15588, West Palm Beach, FL. |
| 7 | 04/11/2015 | KESNER JOASEUS, WADNO DORNEAU | Letter mailed by S.J. containing a rent payment to P.O. Box 15588, West Palm Beach, FL. |
| 8 | 05/04/2015 | KESNER JOASEUS, MIGUEL TILUS | Letter mailed by R.C. containing a rent payment to P.O. Box 15588, West Palm Beach, FL. |
| 9 | 06/05/2015 | KESNER JOASEUS, MIGUEL TILUS | Letter mailed by R.C. containing a rent payment to P.O. Box 15588, West Palm Beach, FL. |

| 10 | 06/15/2015 | KESNER JOASEUS, WADNO DORNEAU | Letter mailed by S.J. containing a rent payment to P.O. Box 15588, West Palm Beach, FL. |
| 11 | 08/02/2015 | KESNER JOASEUS, MIGUEL TILUS | Letter mailed by R.C. containing a rent payment to P.O. Box 15588, West Palm Beach, FL. |
| 12 | 08/11/2015 | KESNER JOASEUS, MIGUEL TILUS | Letter mailed to R.C. containing a copy of the fake lease from "RHA 2 LLC," from P.O. Box 15588, West Palm Beach, FL. |
| 13 | 09/11/2015 | KESNER JOASEUS, WADNO DORNEAU | Letter mailed by S.J. containing a rent payment to P.O. Box 15588, West Palm Beach, FL. |
| 14 | 10/05/2015 | KESNER JOASEUS, MIGUEL TILUS | Letter mailed by R.C. containing a rent payment to P.O. Box 15588, West Palm Beach, FL. |
| 15 | 11/14/2015 | KESNER JOASEUS, WADNO DORNEAU | Letter mailed by S.J. containing a rent payment to P.O. Box 15588, West Palm Beach, FL. |

In violation of Title 18, United States Code, Sections 1341 and 2.

## CRIMINAL FORFEITURE

1. Upon conviction of any of the violations alleged in Counts 1-15, defendants **KESNER JOASEUS, MIGUEL TILUS, and WADNO DORNEAU,** shall forfeit to the United States all property, real and personal, which constitutes or is derived from proceeds traceable to a violation of the afore-stated offenses, including, but not limited to, the following:

    a. The sum of at least $105,000.00 in United States currency representing a money judgment for the amount of proceeds received from the offenses.

Pursuant to Title 28, United States Code, Section 2461, Title 18, United States Code, Section 981(a)(1)(C), and Title 21, United States Code, Section 853.

2. If the property described above as being subject to forfeiture, as a result of any act or omission of the defendants,

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with a third person;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

All pursuant to Title 28, United States Code, Section 2461, Title 18, United States Code, Section 981(a)(1)(C) and Title 21, United States Code, Section 853.

A TRUE BILL

_____
FOREPERSON

_____
WIFREDO A. FERRER
UNITED STATES ATTORNEY

_____
LAUREN E. JORGENSEN
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-80011-CR-Rosenberg/Hopkins

UNITED STATES OF AMERICA

vs.

**CERTIFICATE OF TRIAL ATTORNEY\***

**KESNER JOASEUS,
WADNO DORNEAU, and
MIGUEL TILUS,**

                **Defendants.**
_____/

**Superseding Case Information:**

**Court Division:** (Select One)

___ Miami   ___ Key West
___ FTL     _X_ WPB

New Defendant(s)           Yes ___  No ___
Number of New Defendants   ___
Total number of counts     ___
FTP

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)   No
   List language and/or dialect _____

4. This case will take  __8__  days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   I    0 to 5 days      ___
   II   6 to 10 days     _X_
   III  11 to 20 days    ___
   IV   21 to 60 days    ___
   V    61 days and over ___

   (Check only one)
   Petty    ___
   Minor    ___
   Misdem.  ___
   Felony   _X_

6. Has this case been previously filed in this District Court? (Yes or No)  No
   If yes:
   Judge: _____   Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?  (Yes or No)  Yes
   If yes:
   Magistrate Case No.                         16-8005-DLB
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of       Joaseus, Dorneau, and Tilus - 01/07/2016
   Defendant(s) in state custody as of         _____
   Rule 20 from the _____    District of _____

   Is this a potential death penalty case? (Yes or No)   No

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?   ___ Yes   _X_ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?   ___ Yes   _X_ No

                                                   _____
                                                   LAUREN E. JORGENSEN
                                                   ASSISTANT UNITED STATES ATTORNEY
                                                   Florida Bar No. 726885

\*Penalty Sheet(s) attached                                                                                     REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:**  KESNER JOASEUS

**Case No:**  16-80011-CR-Rosenberg/Hopkins

Count #: 1

Conspiracy to Commit Mail Fraud

18 U.S.C. § 1349

**\* Max.Penalty:**   Up to 20 years imprisonment; a fine of up to $250,000; and up to 3 years of supervised release.

Counts #: 2 -15

Mail Fraud

18 U.S.C. §§ 1341 and 2

**\* Max.Penalty:**   Up to 20 years imprisonment; a fine of up to $250,000; and up to 3 years of supervised release.

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** WADNO DORNEAU

**Case No:** 16-80011-CR-Rosenberg/Hopkins

Count #: 1

Conspiracy to Commit Mail Fraud

18 U.S.C. § 1349

\* **Max.Penalty:** Up to 20 years imprisonment; a fine of up to $250,000; and up to 3 years of supervised release.

Counts #: 2-5; 7; 10; 13; and 15

Mail Fraud

18 U.S.C. §§ 1341 and 2

\* **Max.Penalty:** Up to 20 years imprisonment; a fine of up to $250,000; and up to 3 years of supervised release.

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** MIGUEL TILUS

**Case No:** 16-80011-CR-Rosenberg/Hopkins

Count #: 1

Conspiracy to Commit Mail Fraud

18 U.S.C. § 1349

\* **Max.Penalty:** Up to 20 years imprisonment; a fine of up to $250,000; and up to 3 years of supervised release.

Counts #: 6, 8-12 and 14

Mail Fraud

18 U.S.C. §§ 1341 and 2

\* **Max.Penalty:** Up to 20 years imprisonment; a fine of up to $250,000; and up to 3 years of supervised release.

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.